## Wilcoxson v. Caldwell, et al.

(Decided January 21, 1921.)

### Appeal from Marion Circuit Court.

1. Negligence—Fires.—A vendor who has sold and conveyed his property to another, and who remains in possession under an agreement, is liable if he negligently causes a fire which destroys improvements thereon.

2. Negligence—Fires—Actions Between Individuals.—The liberal rules of evidence permitted by the courts in actions against railroad companies for damages caused from fires resulting from the escape of hot cinders, will not be applied in actions between individuals for the negligent causing of a fire in a dwelling house.

3. Negligence—Fires—Vendor Remaining in Possession.—A vendor so remaining in possession of a house by agreement and using the same only in such manner as is customary, and in such way

and for such purposes as it is generally used, is not guilty of negligence and consequently not liable.

4. Negligence—Fires—Burning of Refuse.—The burning in an open grate, in small quantities, of paste board boxes or other refuse customarily destroyed in that way by housewives, is not negligence.

W. H. SPRAGENS, CHAS. C. BALDRICK and H. S. McELROY for appellant.

BEN SPALDING and W. C. McCHORD for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

In February, 1919, the appellees, C. K. and Mollie Caldwell, husband and wife, sold and conveyed to the appellant a tract of about ten acres of land in Marion county just outside of the city limits of Lebanon, together with the improvements thereon, consisting of a dwelling house alleged to have been worth five thousand dollars, and some outbuildings. Possession was not immediately delivered to appellant but by agreement the vendors were to hold possession and deliver same to appellant on or before the first of April, 1919.

Appellees retained such possession under the agreement, and in the latter days of March began to remove their personal property from the dwelling house and put it into a car at the railroad station about a mile distant, preparatory to shipping it elsewhere. On about the 24th of March there had been removed practically all of the household belongings of the appellees, and C. K. Caldwell had gone to the railroad station with about the last two loads of such household effects, and while he was gone his wife, the appellee, Mollie Caldwell, cleaned up and swept out the whole of said house, containing eight or ten rooms. About an hour after C. K. Caldwell had left a small blaze was discovered on the roof of the two-story house near the central chimney, and the house was destroyed by fire.

This is an action by Wilcoxson against Caldwell and wife in which he alleges that the house destroyed was of the value of five thousand dollars, and that he had insurance thereon for twenty-one hundred dollars, and that the defendants had negligently allowed and caused said house to be set on fire and destroyed while so occupying

same under the agreement, and asks for a judgment against them for twenty-nine hundred dollars.

The defendants answered denying the value to be in excess of twenty-one hundred dollars, and denying any negligence. There was no contrariety of evidence as to the value of the house, it being shown without contradiction that it was worth at least five thousand dollars; so that upon the trial the only issue was as to the negligence of the two Caldwells.

The trial court overruled a motion for a directed verdict for either of the defendants at the conclusion of the plaintiff's evidence, but at the conclusion of the whole evidence directed the jury to return a verdict for both of them, and the plaintiff filed his motion and grounds for a new trial, which were overruled, and he has appealed.

It is apparent that the only question is whether there was such evidence of negligence upon the part of the Caldwells, or either of them, as required the court to submit to the jury the determination of that question.

The whole evidence shows that C. K. Caldwell was absent from the house and at the railroad station a mile away for an hour or more before the first small blaze was discovered on the roof, and it is not claimed that he was guilty of any act or conduct before leaving the house that could have resulted in the fire, all the evidence being directed at showing such neglige upon the part of Mrs. Caldwell.

It was shown that the house had been built about sixteen years, had a shingle roof on it, and that the roof had been on there all that time, but there is nothing to show that it was not at the time a good roof; further, that there were only two chimneys on the two story house, a central, large chimney, with separate flues in it connected with grates and stoves in the rooms, and a kitchen chimney connected only with the kitchen. The fire was discovered at or near the central chimney and was only a small blaze at the time of its discovery.

The plaintiff introduced two witnesses who were at the residence shortly after the discovery of the blaze, Mrs. Abell and J. W. Watkins, who give statements as to what Mrs. Caldwell said about the origin of the fire.

Mrs. Abell says that "She said, 'I don't know how it could have caught. I was upstairs cleaning up and burn-

ing some bandboxes and papers; and unless it caught that way I could not account for it.' ''

Mr. Watkins says she said that they were moving out and were cleaning up and burning some papers and she reckoned it caught fire from the papers or something they were burning.

And that is all of the evidence introduced by the plaintiff tending to show negligence upon the part of Mrs. Caldwell.

Mrs. Caldwell stated, in substance, that they were preparing to move out and that practically all of their personal property had been taken from the house, and that she was cleaning the house up, desiring to turn it over to the new occupants in good condition; that there was only one fire in the house and that was in the grate in her family room downstairs, and that there were two small pasteboard boxes in there without any tops; that the fire in her room had gone down and that there was very little of it left, and that she tore up these two small pasteboard boxes in small strips or pieces and put them on the grate fire in small quantities at a time until they were all destroyed; that she remained in the room and watched the fire and that there was not enough fire at any time to go up the chimney; that she had her grip packed ready to leave, and that when she learned the house was on fire took the grip and left the house.

It is argued for appellant that there being no other theory advanced as to the cause of the fire, it must have been caused by the burning in the grate of these boxes and other trash, and whether or not this was negligence under the circumstances and conditions was a question for the jury, and in support of this view reliance is placed upon certain opinions of this court in actions against railroad companies wherein fires had been caused by the escape of sparks from locomotives.

It is apparent that the rules laid down in that class of cases cannot be applied here; the legislature has taken cognizance of the fact that a large number of fires result from cinders escaping from the smokestacks of locomotives and has provided that all smokestacks shall be equipped with a screen or other appliance which will prevent the escape of sparks or cinders therefrom as far as possible, and has imposed a penalty upon the railroad companies for failure to provide their locomotives with such screens or appliances.  The act was passed in

recognition of the well known fact that railroad locomotives travel through the country at a high rate of speed, causing a forced draft which forces out hot cinders through the smokestack, thereby endangering houses and other property along the right of way. Therefore the courts, in recognition and enforcement of this legislative policy, have laid down some rules that should not be applied to fires originating in ordinary dwelling houses.

The only question in this case is, whether, admitting as true all the evidence and all fair inferences that may be drawn from it, was Mrs. Caldwell guilty of any negligence, for if she negligently caused the fire which destroyed the house, she is liable. Kincheloe v. Smith, 28 R. 1329.

The evidence shows that Mrs. Caldwell did only such things as are customarily done by housewives in destroying waste paper and refuse around their homes; that she used the grate for burning the pasteboard boxes only in such way as they are generally used and for such purposes as they were in part intended. It would be highly unreasonable to say, that by placing any ordinary paper or refuse in small quantities in a grate fire so it might be destroyed, there would be such negligence as would make liable the one so doing it if accident or fire should result. In this case not only is there a total failure to show negligence, but, on the contrary, it is affirmatively shown that she was particularly cautious because she tore up the pasteboard boxes into small pieces and threw only small quantities of them on the fire at one time. This caution was doubtless exercised in view of the intention to vacate the house in a short time and leave it temporarily unoccupied.

It is apparent from the whole evidence that there was no such action or conduct upon the part of either Mr. Caldwell or Mrs. Caldwell different from the acts or conduct of persons when using their own houses and premises for like purposes, and manifestly there was no negligence.

Judgment affirmed.